CASE 84—AGREED CASE—OCTOBER 14.

# Christian, Trustee of Jury Fund, v. Byars.

APPEAL FROM TODD CIRCUIT COURT.

COMMISSIONS OF COUNTY ATTORNEY.—Section 9 of article 3, chapter 5, General Statutes, which gives to county attorneys thirty per cent. of all fines and forfeitures imposed or recovered in prosecutions for misdemeanors before a justice of the peace, applies only to prosecutions in which the justice has jurisdiction to render a final judgment. Therefore, when the accused gives bail for his appearance to answer a charge of which the justice has no jurisdiction except as an examin-

ing court, and the bond is forfeited in that court and so indorsed and transmitted to the circuit court, where judgment is rendered upon the forfeiture, the county attorney is entitled to nothing by virtue of the statute referred to; but if he assists the Commonwealth's Attorney in the circuit court, he is entitled to fifteen per cent. of the judgment under the act of April 28, 1884, which makes it his duty to assist the Commonwealth's Attorney, and fixes his compensation at fifteen per cent. of all fines and forfeitures.

P. W. HARDIN, Attorney-General, for appellant.

1. Section 9 of article 3, chapter 5, of General Statutes, applies only to prosecutions for misdemeanors in which the justice of the peace has jurisdiction to render *final* judgment, and does not apply to prosecutions in which he sits merely as an examining court.
2. The offense named in the warrant was not a misdemeanor, but a felony. (Gen. Stats., chap. 29, art. 6, sec. 2.)

BYARS & TERRY, EDWARD W. HINES for appellee.

1. The offense with which Robert Bigbee was charged was a misdemeanor. (Gen. Stats., chap. 29, art. 17, sec. 2.)
2. The language of section 9 of article 3, chapter 29, General Statutes, has reference to prosecutions instituted in the courts named without regard to whether final judgment is rendered in one of those courts or in the circuit court. The only proviso is, that "said county attorney is present and prosecutes the offenders."

JUDGE BENNETT delivered the opinion of the court.

Robert Bigbee was arrested upon a warrant charging him with the offense of shooting another person with intent to kill him. The justice of the peace before whom Bigbee was taken for examination took his bail in the sum of five thousand dollars to thereafter appear before him to answer said charge. Bigbee did not appear. Thereupon the justice indorsed upon the bail bond the word "forfeited," with his signature thereto, and returned the bond to the clerk of the circuit court, where it was docketed, and summons was issued thereon, and judgment was obtained thereon against the sureties, and a part of the money collected. The

county attorney who prosecuted in the justice's and circuit courts, in the latter as assistant of the Commonwealth's Attorney, claims thirty per cent. of the sum realized for prosecuting in the examining court, and fifteen per cent. additional for assisting the Commonwealth's Attorney in the circuit court. The circuit court allowed the appellee both sums. The appellant, as trustee of the jury fund, has appealed.

Section 9 of article 3, chapter 5, General Statutes, provides, in substance, that in all prosecutions for misdemeanors before any county judge, police judge, justice of the peace, &c., the county attorney shall receive thirty per cent. of all fines and forfeitures imposed or recovered in such prosecutions, provided, &c. The act of the 28th of April, 1884, makes it the duty of the county attorney to assist the Commonwealth's Attorney in prosecutions in the circuit court, and fixes his compensation at fifteen per cent. of all judgments in favor of the Commonwealth for fines and forfeitures, &c.

The only jurisdiction in a case like this that the justice has is to take the bail bond, and if the defendant does not comply with its stipulations by appearing, &c., to indorse on the bond "forfeited," and return it to the clerk of the circuit court, where it is proceeded on in every respect as other forfeitures on bail bonds that are taken in said court. Except the taking of said bond and the indorsement thereon of the word "forfeited" by the justice, the jurisdictional power is exclusively in the circuit court. It is in that court that all proceedings against the bail must be had, irrespective of the amount of the bail

bond.   The justice has no jurisdiction over it what-
ever, except to take it and make the indorsement.
This he does as an examining court to determine
whether or not the accused shall be held to answer
the charge in the circuit court.   If he concludes to
hold him over to answer said charge, the case, as well
as the bail bond, is turned over to the circuit court.
His power thereon ceases, and if he forfeits the bail
bond, that also is turned over to the circuit clerk, and
the justice's power over that likewise ceases.   The
taking of this bond and the forfeiting of it are in no
sense a prosecution before the justice.   It only pre-
pares the way for a prosecution by the circuit court
in case of a forfeiture.   The term fines and forfeit-
ures, as mentioned in the General Statutes, of which
the county attorney is entitled to thirty per cent.,
evidently means judgments for fines or on forfeitures
rendered in the county judge's or police judge's or
justice's courts, and not thirty per cent. on merely
preparatory proceedings for final action in another
court.   Were the rule otherwise, and as contended
for by the appellee, it would cost the Commonwealth
seventy per cent. of the money collected on such for-
feitures for collecting it, which, unless the case was
contested, would not require more than ten minutes
of the attorney's time, and but little legal skill or
learning.   Certainly the charge of such fees in like
cases in private practice would be regarded as an ex-
tortion, and it is presumed that the law-makers never
meant to authorize such charges against the Common-
wealth.   The statute, *supra*, should be so construed as
not to allow such charges, unless it expressly allows

them; but, as said, by a fair and reasonable construction of said statute, the fines and forfeitures therein mentioned refers to such as are prosecuted to judgment in said courts; and not to such as said courts have no jurisdiction of, except to send them to the circuit court for trial and judgment. It is clear that the appellee was only entitled to fifteen per cent. of the forfeiture collected.

The judgment is reversed, with directions to allow the appellee only fifteen per cent.